Furnie Johnson v. The State.

No. 13894. Delivered January 28, 1931.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

A recital of the facts is deemed unnecessary. They sufficiently show appellant engaged in the manufacture of intoxicating liquor. The sheriff testified that he watched appellant and one Myers working around a still for an hour or two just before daylight on the occasion in question. He overheard their conversation, and said appellant was engaged in the doing of those things which necessarily form a part of the operation of making whisky.

There is no brief on file for the appellant. Our attention is attracted by the fact that there are some ten or twelve pages of this transcript which have no place in this record, and for the making of which it is wrong to make a charge against the State. Beginning with page five of the transcript and ending on page sixteen there appear copies of orders and papers pertaining to a trial of this appellant at a former term of the court, at which time there was a mistrial, and which papers have no place whatever in this record, and the expense of incorporating them in the transcript is no proper charge against the State.

There are many bills of exception, all of which have been examined, and none of which present any error. One complains of the refusal to compel the State to try one Warlick first. The qualification to the bill shows that the case against Warlick was dismissed. Another bill complains of the refusal to compel the State to try one Ladd first. Nothing

in the record suggests Ladd's connection with this transaction, but if it did,—the bill presenting the complaint is qualified by the statement that Ladd's case was continued, and to have granted this motion would have required the continuance of the instant case. Another bill complains of the refusal of a continuance to get Mrs. Myers and one Hardin. The bill as qualified shows that by agreement of the State and appellant's counsel the testimony of Mrs. Myers given on a former trial was reproduced and used in behalf of appellant on this trial. Hardin's testimony as set out in the application seems wholly immaterial. Another bill complains of the refusal to let appellant prove what had become of the case against Curly Myers. What became of the case against Myers could have no reasonable bearing upon appellant's guilt or innocence. Another bill complains of the action of the court in refusing to let appellant prove by a witness that Curly Myers was a professional bootlegger and a still operator. Such testimony would have no legitimate bearing upon appellant's guilt or innocence. Appellant introduced also the testimony of Curly Myers given at a former trial in which Myers said that the still belonged to him and appellant; that appellant had a half interest in it. The complaint in the bill was of the fact that the court struck out of said reproduced testimony, Myers' statement that his case had been dismissed. There was no error in this. The officer who raided the still testified there were a number of very excellent barrels present at the time. There was no error in allowing a man engaged in the transfer business to testify that he hauled to appellant's place barrels answering the description. There are other bills, the substance of which is about the same, and a discussion of which would but lengthen the opinion.

No error appearing, the judgment will be affirmed.

*Affirmed.*